Our fifth case this morning which is United States v. Lester Warfield. Mr. Stanton. Good morning. May it please the court, counsel. My name is Bill Stanton and I represent Lester Warfield in this appeal of the unreasonableness of his sentence. He was sentenced to 30 months by the district court for escape, and we mainly contend that that 30-month sentence for escape was unreasonable due to the mitigating circumstances surrounding the escape. The brief facts are as follows. Mr. Warfield was placed at the Salvation Army Residential Reentry Center in April of 2022. He obtained full-time employment and was allowed to leave that facility for employment purposes. In June of 2022, he began abusing alcohol, recognized that his alcohol use was getting out of control, and requested substance abuse treatment. He was told by the Salvation Army personnel that that treatment would have to be approved by the DOP. Fast forward about six weeks later, his alcohol abuse had filed out of control. Mr. Warfield removed the bracelet from his ankle that monitored his residence at the Salvation Army, left on August 30th. A few days later, emailed personnel at the Salvation Army to let them know that he planned on turning himself in. Prior to doing so, he then consumed a fifth of a gallon of brandy, entered a Chase bank, and feebly attempted to rob the bank. He was caught within minutes of that, charged with both escape and attempt armed robbery, pled guilty very soon thereafter, proceeded to sentencing where the district court imposed a 30-month sentence for the escape as well as a 75-month sentence for the attempt bank robbery. Again, it's the escape sentence with which we take issue, and our argument essentially is that the mitigating circumstances surrounding that escape were ignored by the district court. Specifically, she said there's no justification or no basis or no mitigation for the escape, whereas at the time, not only was Mr. Warfield deep in the throes of alcohol abuse, but his mother was dying. In fact, she died a week or two after his sentencing hearing, and his wife was in need of a significant medical procedure, and she did not have health insurance to cover that. The escape sentence here was two and a half times higher than the national average, which is 12 months, and we believe with a sick mom, a sick wife, and a substance abuse issue, there were absolutely mitigating factors that could have been taken into consideration here. I fully understand that the district court's sentence here is presumed to be reasonable, but in this instance, I don't believe the 3553A factors as it relates to Mr. Warfield were adequately considered, and because of that, we're asking that the sentence be deemed unreasonable. If there's no questions, I'll take a seat. Thank you. Mr. Sheehy. Good morning. May it please the court? My name is Jonathan Sheehy. I represent the United States in this case. The district court did not abuse its discretion in imposing a below-guideline sentence in this case. The defendant's offense was serious. His criminal history included several violent offenses, including two prior federal bank robbery convictions and a state attempted murder, and he committed bank robbery in this case, or attempted bank robbery, after absconding from a federal halfway house facility while still serving his prior bank robbery conviction. Despite that, the district court took into account the defense mitigation arguments and imposed a below-guideline sentence. Additionally, I would just note that this court has previously held that there is a near-irrebuttable presumption that a below-guideline sentence is reasonable, and in fact, I believe this court has recognized, and I have not found any cases where the Seventh Circuit has reversed a below-guideline sentence on substantive reasonableness grounds. So in light of the 3553A factors and the extensive discretion afforded to the district court, we would ask that this court affirm the sentence. Thank you. Thank you. Anything further, Mr. Stanton? No, thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advice.